**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**JONNA BUTLER,** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:19cv00273-BRW**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON** **DEFENDANT**

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Jonna Butler, and states as follows:

### JURISDICTION AND VENUE

1. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by ERISA, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life admits this Court has jurisdiction over this action and that venue of this action is proper in this Court. Liberty Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Liberty Life admits that venue of this action is proper in this Court. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4. Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits that it is incorporated in New Hampshire and is lawfully authorized to do business in Arkansas. Liberty Life admits that it issued Group Disability Income Policy No. GD3-890-450579-01/GF3-890-450579-01 (the "Policy") to Jefferson Regional Medical Center ("Jefferson") which, at certain times, insured benefits from the Jefferson Regional Medical Center Long Term Disability Plan (the "LTD Plan") sponsored by Jefferson. Liberty Life admits that Plaintiff was, at certain times, employed by Jefferson and a participant in the LTD Plan. Liberty Life admits that Plaintiff submitted a claim for benefits from the LTD Plan and that, at certain times, Liberty Life was the claims administrator of claims for benefits from the LTD Plan under the Policy. Liberty Life specifically denies that it was the Plan Administrator of the Plan. Liberty Life admits that it was properly served with summons in this action. To the extent that Paragraph 5 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Liberty Life admits that Jefferson sponsored the LTD Plan to provide long-term disability benefits to certain of its employees. Liberty Life admits that Plaintiff was, at certain times, employed by Jefferson and a participant in the LTD Plan. Liberty Life is without sufficient information regarding Jefferson's status as a business entity and its agent for service, and accordingly, denies these and all remaining allegations contained in Paragraph 6 of the Complaint.

**COUNT I: CLAIM FOR DISABILITY BENEFITS UNDER THE PLAN**

7. Liberty Life incorporates its responses contained in Paragraphs 1 through 6 as if fully stated herein.

8. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed under ERISA, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Liberty Life admits Plaintiff was, at certain times, an employee of Jefferson and that Jefferson sponsored the LTD Plan to provide long-term disability benefits to certain of its employees, of which Plaintiff was, at certain times, a participant. Liberty Life admits that Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life admits that Plaintiff was, at certain times, a participant in the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Liberty Life admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Liberty Life refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 11 seek to interpret the provisions of the Policy, Liberty Life refers to the Policy as the best evidence of its contents. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the Plan under the Policy was determined, and Liberty Life refers to these documents themselves as the best evidence of

the contents. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life admits that Plaintiff received, at certain times, benefits from the LTD Plan. Liberty Life admits it sent letters to Plaintiff dated September 14, 2018, and June 13, 2019, but Liberty Life refers to the letters themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life admits this Court has jurisdiction over this action and that venue of this action is proper in this Court. Liberty Life admits that Plaintiff is seeking an amount in excess of the federal diversity jurisdiction threshold. Liberty Life denies Plaintiff is entitled to recover from it under ERISA and denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Liberty Life denies the allegations contained in Paragraph 14 of the Complaint.

**COUNT II: EQUITABLE RELIEF**

15. Liberty Life incorporates its responses contained in Paragraphs 1 through 14 as if fully stated herein.

16. To the extent that Paragraph 16 contains legal conclusions, Liberty Life is not required to answer. Liberty Life admits that Jefferson sponsored the LTD Plan to provide long-term disability benefits to certain of its employees, of which Plaintiff was, at certain times, a participant. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. To the extent that Paragraph 17 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Liberty Life admits that Plaintiff received, at certain times, benefits from the LTD Plan. Liberty Life admits it sent letters to Plaintiff dated September 14, 2018, and June 13, 2019, but Liberty Life refers to the letters themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. To the extent that Paragraph 19 contains legal conclusions, Liberty Life is not required to answer. To the extent a response is required, Liberty Life denies Plaintiff is entitled to any such relief or recovery from it whatsoever. Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

**COUNT III: ATTORNEYS' FEES**

20. Liberty Life incorporates its responses contained in Paragraphs 1 through 19 as if fully stated herein.

21. Liberty Life denies all allegations contained in Paragraph 21 of the Complaint.

Liberty Life denies the allegations contained in the Prayer for Relief of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Liberty Life is subject to offset pursuant to the terms of the Plan under the Policy, resulting from Plaintiff's receipt of benefits or

other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4. Plaintiff's claim for breach of fiduciary duty fails to state a claim upon which relief can be granted as this claim fails as a matter of law.

5. The damages, if any, claimed by Plaintiff are limited to those available under ERISA.

6. Plaintiff's claims are barred, in whole or part, under waiver, estoppel, unclean hands, and laches.

7. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

8. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

9. Liberty Life reserves the right to assert additional defenses.

## PRAYER

Liberty Life prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Dated this 21st day of October 2019.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Brandon W. Lacy, Esq.
brandon@lacylawfirm.com

October 21, 2019 — Date

/s/ Iwana Rademaekers — Iwana Rademaekers